IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN V. SORENSEN,

                Plaintiff,

v.                                                   OPINION and ORDER

CASEY JENSEN, BECKY JOHNSON, K.             25-cv-481-jdp
WHEELAND, and NICHOLAS RICE,

                Defendants.

---

    Plaintiff Steven V. Sorensen, proceeding without counsel, alleges that he received a false conduct report, resulting in his unlawful removal from an earned release program at Jackson Correctional Institution (JCI). Because Sorensen was incarcerated when he filed this case, I must screen the complaint under 28 U.S.C. § 1915A and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Sorensen to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

    Sorensen participated in the earned release program (ERP) at JCI and completed its requirements. Sorensen then received a major conduct report for misuse of medication. The conduct report was false; Sorensen took his medication, had his mouth inspected afterward, and was searched for contraband. A major disciplinary hearing was held and Sorensen was found guilty, though the rule violation was reduced from major to minor. Consequently,

Sorensen was removed from the ERP program. Sorensen contends that the removal delayed his entry into a drug treatment center and caused him to lose "an 11-months reduction" to his sentence. Dkt. 1 at 6.

BACKGROUND

In August 2022, Sorensen entered into a global plea agreement in several pending criminal cases, which included charges for operating a motor vehicle without consent, recklessly endangering safety, felony bail jumping, and drug possession. *See, e.g.,* docket sheet in Eau Claire County Case No. 2021CF241.[1] In total, Sorensen was sentenced to 4 years' initial confinement followed by five years' extended supervision. *See id.* Sorensen was released on extended supervision on June 24, 2025, and he is currently housed at Fahrman Center, a drug treatment facility.

ANALYSIS

I take Sorensen to bring a Fourteenth Amendment procedural due process claim and a Wisconsin-law negligence claim. Sorensen seeks damages.

A. **Federal procedural due process claim**

To state a procedural due process claim, Sorensen must allege in pertinent part that "a state actor deprived him of a constitutionally protected liberty . . . interest without due process of law." *See Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015); *see also Nash v. Litscher*, 50 F. App'x 317, 320 (7th Cir. 2002). The basic rule is that a prisoner has "no liberty interest

---

[1] *See* https://wcca.wicourts.gov/case.html.

in rehabilitative or educational programs offered while in prison." *Long v. Wondra*, No. 12-cv-647-wmc, 2013 WL 12098999, at *5 (W.D. Wis. Sept. 16, 2013), *aff'd*, 553 F. App'x 637 (7th Cir. 2014).

Sorensen's complaint may fall outside the basic rule. I take Sorensen to contend that he had a liberty interest in the ERP program because he finished its requirements and, thus, was entitled under state law to early release to a drug treatment center and a shorter sentence.

I begin with the allegation that he was entitled to a shorter sentence. In an appropriate case, a prisoner may have a liberty interest if the state takes action that "will inevitably affect the duration" of his sentence. *See Long*, 553 F. App'x at 638. The trial court imposed a bifurcated sentence under Wis. Stat. § 973.01(1). Therefore, successful completion of the ERP would have required the trial court only to reduce Sorensen's time in confinement and increase his time in extended supervision "such that the overall length of the sentence remains the same." *See Austin v. Novak*, No. 14-cv-0608, 2021 WL 1531568, at *8 & n.7 (E.D. Wis. Apr. 19, 2021) (citing Wis. Stat. § 302.05(3)(c)2). Sorensen's allegation that he was entitled to a shorter sentence because he completed the ERP is legally baseless.

That leaves the allegation that Sorensen was entitled to early release on extended supervision to a drug treatment center. I will assume for screening purposes that Sorensen had a liberty interest in that custody change. *Cf. Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) ("Easterling's supervised release under Wisconsin's bifurcated sentence system is mandatory, so it is a protected liberty interest . . . .").

The issue, then, is whether defendants deprived Sorensen of that custody change without procedural due process. The receipt of a false or erroneous conduct report, by itself, doesn't create a due process claim because the prisoner can "litigate the truthfulness of the

3

report through a hearing process." *Gonzalez v. Bliss*, No. 17-cv-851-jdp, 2018 WL 4076451, at *1 (W.D. Wis. Aug. 27, 2018).

Due process requires that prisoners in disciplinary proceedings receive: (1) advance written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence, but only when consistent with institutional safety; and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Sorensen acknowledges that he received a disciplinary hearing, and he hasn't alleged that any defendant deprived him of any of these protections. I will not allow Sorensen to proceed on a procedural due process claim.

### B. State-law negligence claim

Without a federal claim, the court would not have jurisdiction over Sorensen's state-law negligence claim on the basis of diversity because he hasn't alleged that he and defendants are citizens of different states, and his allegations don't suggest that they are. *See* Dkt. 1 at 1–2.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Sorensen's negligence claim without evaluating its merits. Sorensen may replead this claim in the amended complaint.

## CONCLUSION

I will allow Sorensen to file an amended complaint that fixes his pleading problems. In drafting his amended complaint, Sorensen should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his constitutional rights. Sorensen must take care to allege what each defendant did, or failed to do, to violate his rights.

- Sorensen should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Sorensen believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven V. Sorensen's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until August 7, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered July 8, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge