IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN V. SORENSEN,

                Plaintiff,

v.                                                                                    OPINION and ORDER

CASEY JENSEN, BECKY JOHNSON, K.                      25-cv-481-jdp
WHEELAND, and NICHOLAS RICE,

                Defendants.

---

While incarcerated, plaintiff Steven V. Sorensen brought a complaint alleging that he received a false conduct report that resulted in his removal from an earned release program. Dkt. 1. Before I screened the complaint, Sorensen was released from prison and provided a residential address. I later dismissed the complaint for failure to state a claim for which I could grant relief, but I gave Sorensen until August 7, 2025, to amend the complaint to fix that problem. Dkt. 6. The clerk of court mailed Sorensen copies of that order and the court's complaint form; that mail hasn't been returned as undeliverable.

Sorensen was no longer incarcerated when the court sent him that mail, so the court had to receive the amended complaint by August 7, 2025, for it to be timely. *See Stevenson v. Elite Staffing, Inc.*, No. 21-cv-1072, 2022 WL 17811587, at *1 (E.D. Wis. Dec. 19, 2022) (stating that the prison mailbox rule does not apply to litigants who are not incarcerated even if they are proceeding without counsel). I cautioned Sorensen that I would dismiss the case if he failed to comply with the order to amend. Sorensen hasn't filed an amended complaint. Nor has he sought an extension of time to complete that task or otherwise tried to explain his failure to comply with my order. I will dismiss the complaint for failure to state a claim for which I could grant relief for the reasons in my order, and I will direct the clerk to record a strike against

Sorensen under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff."). Section 1915(g) applies because Sorensen was incarcerated when he brought this action.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven V. Sorensen's complaint, Dkt. 1, is DISMISSED with prejudice for failure to state a claim for which I could grant relief.

2. A strike is to be recorded against plaintiff under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered August 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge